O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH DIANE SLICE, | ) NO. CV 15-1079-FMO (MAN) |
| Plaintiff, | ) ORDER TO SHOW CAUSE RE DISMISSAL |
| v. | ) |
| CITY OF GLENDALE, et al., | ) |
| Defendants. | ) |

On February 13, 2015, plaintiff Sarah Diane Slice filed a civil rights complaint, which names the City of Glendale and several others as defendants ("Complaint"). She alleges that Glendale police falsely arrested her in January of 2014.

On February 17, 2015, United States Magistrate Judge Margaret A. Nagle issued an Order ("February 17 Order") which, *inter alia*, reminded plaintiff that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)"), she had 120 days from the filing date of the Complaint in which to effect service of process on defendants. The February 17 Order cautioned plaintiff that, if service of process was

not completed within that 120 days, this action could be dismissed.

The Rule 4(m) deadline ordinarily would have been June 13, 2015. The deadline became June 15 instead, because June 13, 2015 was a Saturday. *See* FED. R. CIV. P. 6(a)(1)(C). The deadline passed without any further action by plaintiff, and no defendant has appeared. Indeed, as of June 25, 2015, the last item on the docket is the February 17 Order. It appears that plaintiff no longer wishes to pursue this action.

Rule 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 120 days of filing the complaint, federal district courts have the authority to *sua sponte* dismiss an action without prejudice, after notice to the plaintiff. If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the Court must extend the time for accomplishing service. FED. R. CIV. P. 4(m); *see also* <u>Muhammed v. Department of Treasury</u>, 1998 WL 986245, at *3 (C.D. Cal. Nov. 19, 1998). The burden of establishing good cause is on the plaintiff. *Id.*, at *4. The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." <u>Hamilton v. Endell</u>, 981 F.2d 1062, 1065 (9th Cir. 1992).

Accordingly, plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed pursuant to Rule 4(m). **By no later than July 13, 2015**, plaintiff must file a response to this Order if she wishes this case to continue. In her response, plaintiff must explain, in detail, why she has failed to proceed with service of process efforts

and to prosecute this case, and she must establish good cause for her inaction. **If plaintiff fails to file a timely response to this Order, or if she does not establish good cause in her response, the case may be dismissed, without prejudice, for the reasons set forth above.**

IT IS SO ORDERED.

DATED: June 25, 2015.

　　　　　　　　　　　　　　　　　　／s／ Margaret A. Nagle
　　　　　　　　　　　　　　　　　　MARGARET A. NAGLE
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE